ORIN SNYDER (Pro Hac Vice)
osnyder@gibsondunn.com
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

THEANE EVANGELIS, SBN 243570
tevangelis@gibsondunn.com
MICHAEL H. DORE, SBN 227442
mdore@gibsondunn.com
ABBEY HUDSON, SBN 266885
ahudson@gibsondunn.com
THEODORE M. KIDER, SBN 288179
tkider@gibsondunn.com
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant WORLDWIDE PANTS
INCORPORATED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WORLDWIDE SUBSIDY GROUP, LLC, a Texas Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>WORLDWIDE PANTS INCORPORATED, a California corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV14-03682 AB (ASx)<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**HEARING:**<br><br>Date: October 3, 2016<br>Time: 10:00 a.m.<br>Place: Courtroom 4 – 312 N. Spring St.<br>Judge: Hon. André Birotte Jr.<br><br>Complaint Filed: April 7, 2014 |

Gibson, Dunn & Crutcher LLP

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I.  INTRODUCTION

The evidence proves that Raul Galaz played a direct role in WSG's theft of money from Worldwide Pants.  Public records show that Galaz also stole other royalty proceeds, was convicted of federal mail fraud, and then—according to the California Court of Appeal—sued to "restore stolen property to the thief because he was double-crossed by the person who agreed to fence the goods."  *Galaz v. Jackson*, 2006 WL 648852, *5 (Cal. Ct. App. Mar. 16, 2006).  Deposition testimony and public records establish that Galaz co-founded WSG, gave false testimony on its behalf in U.S. royalty proceedings, and as of February 2016 lived full-time in a Miami Beach condominium for which WSG paid $260,000.  WSG's purported indignation and semantic quibbles collapse under the weight of the evidence that Worldwide Pants cited in its summary judgment motion—evidence that (unlike Worldwide Pants' arguments) WSG does not seek to strike from the record.

The timing here is noteworthy.  WSG's motion to strike comes more than three months after Worldwide Pants filed its motion for summary judgment and only one week before the hearing on that motion.  WSG's motion shows yet again that WSG is as tardy in litigating this case as it was in filing it.  Indeed, WSG's delay is a prime reason why the Court should grant Worldwide Pants' motion for summary judgment.

For example, Raul Galaz sent an email to counsel for Worldwide Pants from the "worldwidesg@aol.com" email address stating that Galaz was aware as early as **January 2010** that Worldwide Pants terminated WSG's right to collect royalties from the Copyright Collective of Canada ("CCC") on Worldwide Pants' behalf.[1]  WSG's response, as Galaz admitted in his deposition and WSG states in its motion to strike, was to withhold the full $60,215 that the CCC paid out in 2010 as retransmission royalties on Worldwide Pants programs.  WSG repeatedly describes the $60,215 as

---

[1] Declaration of Theane Evangelis in Support of Mot. for Summary Judgment ("Evangelis Decl.") (Dkt. 44-2 at 179 (Exhibit 16)).

Gibson, Dunn & Crutcher LLP

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

"an offset to monies that WPI owed to WSG as to the possible breach of its contract with WSG." Mot. to Strike at 11 (emphasis added). But under black letter California law, WSG's "offset" is criminal theft. Cal. Penal Code §§ 503, 511, 490a. This episode also proves that WSG's case should be dismissed because WSG sued after the four-year statute of limitations expired.

The other challenged statements in Worldwide Pants' motion for summary judgment are equally reasonable and supportable. WSG protests, for example, that Galaz did not commit "perjury," yet the Copyright Royalty Board found that he "gave false testimony," "did not testify truthfully," and demonstrated his (and WSG's) "continuing disregard for the integrity of these royalty distribution proceedings." Mem. Opn. and Ruling on Validity and Categorization of Claims, Docket No. 2012-6 CRB CD 2004-2009 (Phase II) and 2012-7 CRB SD 1999-2009 (Phase II) (Mar. 13, 2015) (attached as Exhibit F to Declaration of Gregory Olaniran, Dkt. 44-3). The Copyright Royalty Board's findings, deposition testimony in this case, and documents included with Worldwide Pants' motion for summary judgment show the role that Galaz (and his fraudulent scheme) played and continues to play at WSG.

In short, WSG agreed in the parties' 2002 Agreement that WSG would be "subject to all the obligations and responsibilities of a fiduciary of [Worldwide Pants] in connection with the performance of WSG's services pursuant to this Agreement." WSG also has conceded that a "party complaining of the breach of a contract is not entitled to recover therefor unless he has fulfilled his obligations." Dkt. 52-2 at 15 (quoting *Pry Corp. of Am. v. Leach*, 177 Cal. App. 2d 632, 639 (1960)). WSG's—and Raul Galaz's—misconduct show that WSG breached its fiduciary duty to Worldwide Pants, and thus breached the parties' agreement. These breaches destroy WSG's contract-based claims. Accordingly, the Court should deny its motion to strike and dismiss the case.

Gibson, Dunn & Crutcher LLP

2

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## II.  STATEMENT OF FACTS

The facts establishing Galaz's fraudulent acts are beyond dispute.  As part of the plea agreement in his criminal case, Raul Galaz agreed that he "knowingly, voluntarily, and truthfully admit[ted] the facts contained in the attached Information as the factual basis for Plea."  Evangelis Decl. at 090.  The scheme generally involved Galaz "falsely representing that fictitious business entities were owners, or agents of owners, of copyrighted programs and were entitled to receive royalty fees, which fees defendant Raul C. GALAZ converted to his own personal use."  *Id.* at 100.  Contrary to WSG's claims, the facts underlying that scheme relate to this lawsuit.

WSG has used various different names throughout its existence, but Galaz's misconduct has touched all of them.  For example, WSG, which also does business as Independent Producers Group, was once named "Artist Collections Group, LLC."  Declaration of Michael Dore ("Dore Decl."), Exh. A (Direct Case of Independent Producers Group, Testimony of Raul C. Galaz at 7 n.1).  In Raul Galaz's criminal case, he admitted that his fraudulent scheme included "the opening of an offshore bank account in Antigua in the name of Artist Collections Group, a Bahamas corporation" and "the transferring of $129,000.00 of stolen proceeds to the Artist Collections Group offshore bank account."  Evangelis Decl. at 102.  Galaz also admitted that his scheme to defraud continued "through in or about March 2001," which post-dated the formation of Worldwide Subsidy Group, LLC in Texas, and the beginning of WSG's business dealings with Worldwide Pants.  Dore Decl. Exh. A.  For good measure, Galaz admitted that:

> It was further a part of the scheme and artifice that defendant Raul C. GALAZ concealed and perpetuated his scheme by testifying falsely under oath at a statutorily convened Copyright Arbitration Royalty Panel[2]

---

[2] The Copyright Arbitration Royalty Panel ("CARP") "was the predecessor to the CRB" – that is, the Copyright Royalty Board.  Dore Decl. Exh. B (Deposition of Raul Galaz at 158:13-14).

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Gibson, Dunn & Crutcher LLP

1  administrative proceeding that: (1) he was not Bill Taylor; (2) he did not
2  have any involvement or interest in companies he represented in
3  particular, **Tracee Productions** . . .; and (3) he never filed a claim without
4  authorization.

Evangelis Decl. at 102 (emphasis added).  It is no wonder that the Copyright Royalty Board later ruled that Galaz was "an imperfect messenger" for WSG, noting that his "fraud conviction and prior false testimony compromises his credibility…." 78 Fed. Reg. 64984, 65000 (Oct. 30, 2013).

Just last year, the Copyright Royalty Board again found that Galaz gave "false testimony" and "did not testify truthfully" regarding whether WSG filed a claim for 2008 satellite royalties on behalf of claimants including Worldwide Pants.  The CRB rejected what it considered to be Galaz's false testimony and dismissed Worldwide Pants' claim.  Dkt. 44-3 at 164.  This failure to register Worldwide Pants' 2008 U.S. satellite royalty claim, coupled with Galaz's "false testimony," represents yet another breach that precludes WSG's contract-based claims in this case.

More important for purposes of WSG's motion to strike, just last year the CRB noted that in June 2014 it had denied WSG a presumption that its claims were valid because WSG's 1999 joint cable claim included a claim on behalf of Tracee Productions, the "fictitious entity . . . used by Mr. Galaz as part of the fraudulent scheme for which he was convicted and incarcerated."  Dkt. 44-3 at 092.  It added in its March 2015 order that "[b]ecause Mr. Galaz and [WSG] likewise have failed to remove the fraudulent Tracee Productions claim from IPG's 1999 *satellite* filing in *the present proceeding*, the Judges reach the same conclusion now."  *Id.* at 093 (emphasis in original).

Thus, Galaz's criminal scheme involved an entity using WSG's old name and a fictitious claimant for which WSG has continued to claim royalties—and has been penalized for doing so—all the way through at least 2015.  Its claim that Galaz's

Gibson, Dunn & Crutcher LLP

4

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

conviction "bears no relation to the WSG/WPI lawsuit" (Mot. to Strike at 7) is demonstrably false.

The evidence also squarely establishes that Galaz functioned as an "alter ego" of WSG (Mot. to Strike at 7). Galaz wrote emails on WSG's behalf from WSG's email address, negotiated the agreement at issue with Worldwide Pants, and has repeatedly testified as WSG's designated expert and/or corporate representative. One of WSG's former nominal owners, Lisa Katona (Galaz's ex-wife), and its current nominal majority owner, Denise Vernon (Galaz's sister,) both testified in depositions that Galaz contacted WSG clients using their names. Dore Decl. Exh. C (Katona Deposition at 37:15-19; Vernon Deposition at 56:15-57:4). In Katona's words, Vernon "knew nothing about the business" and "was just a shell for Raul." Dore Decl. Exh. C (Katona Deposition at 25:23-26:2).

As for Worldwide Pants' claims about WSG's theft of royalty proceeds from another production company, the missing $325,000+ in royalty proceeds due to Worldwide Pants, and Galaz's failure to abide by the terms of his criminal judgment, all were supported by WSG's own statements in discovery—including Galaz's sworn deposition testimony. Worldwide Pants filed numerous documents and deposition excerpts to support its statements in its motion for summary judgment, and incorporates that evidence here by reference. Evangelis Decl. at 023-076.

Indeed, WSG appears to simply ignore the discussion in Worldwide Pants' reply brief refuting WSG's claim that "no discrepancy exists between the amounts paid by the CCC to WSG, and the amounts WSG reported as having been received." WPI Reply in Support of Mot. for Summary Judgment (Dkt. 58) at 8 (emphasis omitted). As Worldwide Pants noted, and yet WSG ignores, WSG's calculations labeled hundreds of thousands of dollars in Latin American royalties as Canadian royalties to mask the shortfall in Canadian royalties. WSG's fallback explanation for the shortfall, that "[r]ecords reflecting such distributions were not in WSG's possession (likely having been lost, misplaced, or destroyed after 15 years) when WSG responded to

WPI's document requests" (Mot. to Strike at 9 n.4), shows the prejudice that WSG caused Worldwide Pants by waiting until the limitations period expired before filing suit.

## III. ARGUMENT

### A. Worldwide Pants' Allegations Are Not Defamatory Because They Are True

WSG claims that Worldwide Pants has falsely accused WSG of criminal conduct. As a threshold matter, the purported "evidence" that WSG cites to demonstrate Worldwide Pants' accusations are false comes primarily from Raul Galaz, who has zero credibility after stealing royalty proceeds and repeatedly giving false testimony in royalty proceedings. More important, WSG appears to believe that it did not steal from Worldwide Pants because WSG was open about its theft. *See* Mot. to Strike at 11& n.6. Not so under California law.

Under California Penal Code section 503, "[e]mbezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted." *See, e.g.*, *Alsop v. Comm'r of Internal Revenue*, 290 F.2d 726, 727 (2d Cir. 1961) (describing agent's failure to remit royalties to author as "embezzlement"). California law explicitly labels embezzlement as a "theft." *See* Cal. Pen. Code § 490a ("Whenever any law or statute of this state refers to or mentions . . . embezzlement . . . said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor."). And embezzlement is a "theft" even where the thief steals the money openly. *People v. Talbot*, 220 Cal. 3, 13 (1934) ("While secrecy or concealment is evidence of a criminal or felonious intent, nevertheless there may be embezzlement where the appropriation is openly made and consequently without concealment.").

In fact, California law expressly rejects any defense to embezzlement where the theft is a purported "offset." *See People v. Holmes*, 5 Cal. App. 3d 21, 24 (1970) ("Penal code, section 511 provides that the unlawful retention of the property of another to offset or pay demands held against him is no defense to a charge of

6

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Gibson, Dunn & Crutcher LLP

embezzlement.").[3] In *People v. Ranney*, 123 Cal. App. 403 (1932), for example, "[t]he defendant had money in his possession which he claim[ed] belonged to the company and which he sought to retain to pay a demand for commissions which he assert[ed] were due to him from the company." *Id.* at 409. The California Court of Appeal held that Ranney "had no right to help himself to the funds of the company, even to pay an acknowledged debt." *Id.* Indeed, "the latter portion of section 511 . . . declares that the provision of that section 'does not excuse the unlawful retention of the property of another *to offset or pay demands held against him*." *Id.* (emphasis in original).

Worldwide Pants' allegations that WSG has engaged in, and that Galaz testified to, WSG's "thefts" of royalties are absolutely true. WSG's motion to strike them as false and malicious thus should be rejected. *See also* Cal. Civ. Code 47(b) (California litigation privilege).

### B. Worldwide Pants' Allegations Are Relevant to Show WSG Breached the Parties' Agreement

Contrary to WSG's assertions (Mot. to Strike at 15), Worldwide Pants' statements regarding WSG's use of funds after it stole money from Worldwide Pants, Galaz's breaches of his criminal judgment while serving as a WSG witness in contested royalty proceedings regarding Worldwide Pants claims, and Galaz's belated efforts to sue his criminal co-conspirator for money that Galaz stole are all relevant to WSG's breach of its fiduciary duty to Worldwide Pants and/or WSG's actual motives for bringing this suit after the limitations period expired.

As noted above, WSG undertook an obligation to treat Worldwide Pants as a fiduciary. Compl. Ex. A at ¶ 9 ("WSG acknowledges that WSG shall be subject to all

---

[3] Cal. Pen. Code § 511 ("Upon any indictment for embezzlement, it is a sufficient defense that the property was appropriated openly and avowedly, and under a claim of title preferred in good faith, even though such claim is untenable. **But this provision does not excuse the unlawful retention of the property of another to offset or pay demands held against him**.") (emphasis added).

7

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Gibson, Dunn & Crutcher LLP

the obligations and responsibility of a fiduciary of [Worldwide Pants].")  Yet Raul Galaz has repeatedly engaged in misconduct that has compromised Worldwide Pants' royalty claims.  WSG argues that it is not the "alter ego of Raul Galaz," yet Galaz ghost-writes correspondence to clients in other people's names; negotiated the contract at issue; and represented the company in its deposition in this case, in proceedings before the royalty board, and in communications with Worldwide Pants regarding WSG's theft of royalty proceeds.  That he lives full-time in a Miami Beach condominium that WSG bought after stealing money from Worldwide Pants is further evidence that WSG and Galaz are inextricably linked.

Likewise, misconduct by Galaz, whom the Copyright Royalty Board labeled an "imperfect messenger" to represent WSG's (and its clients') interests in royalty proceedings, is relevant to show WSG's breach of its fiduciary duties to Worldwide Pants.  *See* 8 Fed. Reg. 64984, 65000 (Oct. 30, 2013).

Finally, in perhaps WSG's most absurd (and telling) request, it seeks to strike a quote from an opinion by the California Court of Appeal.  WSG's only argument in support of its request is that Galaz claims he sued his co-conspirator "in order to have payment made *to the victim* of the criminal conspiracy."  Mot. to Strike at 6 n.2 (emphasis in original).  But Galaz also claimed to the court that he sought to apply any damages award to "legal fees" as well.  Dkt. 52-4 at 79.  In any event, WSG's motion to strike cannot erase the pages of the California Court of Appeal opinion.  And that opinion—like WSG's motion to strike—shows WSG's and Galaz's practice of doubling down in litigation on past misconduct.  It also is one more example of WSG's and Galaz's dilatory and abusive approach to litigation.  *See id.* at 80 (noting that the trial court dismissed Galaz's claims in part because they were "barred by the applicable statutes of limitation").

WSG's request to strike statements (which it repeats multiple times in its publicly filed motion) that are based on clear evidence, but not to strike the evidence itself, is baseless and would serve no legitimate purpose.  *See Enright v. Accurate*

Gibson, Dunn & Crutcher LLP

8

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

*Transmissions, Inc.*, 2003 WL 22383009, at *2 (N.D. Ill. Oct. 17, 2003) (denying motion to strike and noting that "[t]he Court is fully capable of parsing through the Accurate's factual statements and supporting exhibits and deciding which facts should be considered and which should not"). In any event, WSG's specious claims do nothing to justify striking statements from Worldwide Pants motion for summary judgment, and they fail to create any dispute of material fact necessary to overcome that dispositive motion. In fact, WSG's delay in filing its motion to strike and the wrongdoing WSG seeks to hide from public view reflect the same approach to litigation and business that so clearly justifies summary judgment against WSG.

## IV.   CONCLUSION

For the foregoing reasons, WSG's motion to strike should be denied.

DATED:  September 9, 2016            GIBSON, DUNN & CRUTCHER LLP

By:   /s/ Theane Evangelis
       Theane Evangelis
       Attorneys for Defendant
       WORLDWIDE PANTS
       INCORPORATED

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT